[L. A. No. 11006. In Bank.—March 13, 1931.]

ALBERT KLOPPUTH, Appellant, v. WILLIAM McCORD et al., Respondents.

Irving P. Austin for Appellant.

No appearance for Respondents.

THE COURT.—This action is one brought by the plaintiff to quiet title against the defendants to a lot in the city of Compton, county of Los Angeles. To the plaintiff's complaint alleging ownership the defendants William McCord and Mary McCord filed an answer, denying the allegations thereof, and also served and filed a cross-complaint alleging themselves to be the owners of the lot in question. The trial court made its findings of fact and conclusions of law in favor of the said defendants upon their cross-complaint, and judgment was accordingly entered decreeing that the plaintiff had no right, title or interest in the premises and that the said defendants were the legal owners

thereof. The plaintiff appeals to this court upon the judgment-roll. The respondents have filed no brief and the cause has been submitted for decision after an order to show cause.

The appellant rests his claim of title upon an instrument in the following form:

"Feb. 6, 1923,
Compton, Cal.

"Sold to Mrs. Elizabeth Pohlman Lot 29, 25 by 150, for the sum of $200.00 paid $172.93 as Part Payment.

$200.
172.93 Paid
_____
27.93 Bal.

"(Signed) WILLIAM McCORD
"MARY McCORD.

"Stearn Compton Villa Tract."

This instrument was acknowledged by Mary McCord only and was thereafter assigned to the plaintiff. ■ It is contended by the appellant that this instrument constitutes a deed to the premises. It is evident, however, from a reading thereof that it is so informal and ambiguous as to require interpretation by the trial court, and in some respects at least to permit also the introduction of oral evidence to explain the scope and purpose of the instrument.

The appeal being upon the judgment-roll we have nothing before us to indicate whether or not the trial court took such evidence and based its conclusion thereon that the instrument in question did not constitute a deed so as to invest the plaintiff's predecessor with title to the property. The defendants and cross-complainants, as the trial court found, were only the holders of an equitable interest in said premises at the time of the execution of the above instrument, but later became the owners of the legal title thereto by virtue of a grant deed from the holder of such legal title. The trial court accordingly adjudged said defendants to be the owners of the premises and quieted their title thereto. In the above state of the record we are unable to conclude that the trial court was in error in so doing.

The judgment is affirmed.